**Frances E. Halverson, a/k/a Frances Chambers, Plaintiff-Appellee, v. Fred E. Halverson, Defendant-Appellant.**

### Gen. No. 48,852.

First District, Third Division.

June 5, 1963.

Horka & Lindell, of Chicago (Charles E. Lindell, of counsel), for appellant.

Paul R. Held, of Chicago, for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Superior Court of Cook County entered June 14, 1962, which denied a rehearing of a prior order of the court entered January 16, 1962 and further ordered that the defendant shall remain in custody until he returns his daughter, Crystal Halverson, to the jurisdiction of the court and to the custody of Frances Halverson Chambers, the plaintiff.

A decree for divorce was entered August 7, 1951. The decree, entered on the complaint of the plaintiff, dissolved the marriage then existing between the plaintiff and the defendant and gave the custody of their two minor children, Crystal and Guy, to the plaintiff, with rights of visitation on the part of the defendant. Crystal was born June 23, 1949. In December 1957 the plaintiff married one Chambers, had a child by him and subsequently divorced him. Crystal lived with the defendant commencing in December 1957, and remained with him until June of 1958. At that time the defendant sent her to live with relatives in North Dakota, and in August of that year she was sent to live with other relatives, Charles and Nora Summers, in Boise, Idaho, where she has remained ever since.

The defendant claims that the plaintiff sent Crystal to his home and that she consented to her being sent to North Dakota and subsequently to Idaho. These allegations are denied by the plaintiff. February 10,

1961 the plaintiff filed in the Superior Court a petition for a rule upon the defendant to require him to show cause why he should not be held in contempt for disobeying the custody provisions of the divorce decree. In that petition it was alleged that he was responsible for Crystal's staying in Boise, Idaho and not returning to Chicago. On May 26, 1961 a hearing was had before the Superior Court and an order was entered requiring the defendant to return Crystal to the custody of the plaintiff not later than July 10, 1961 "on a trial basis."

The defendant alleges that he went to Boise, Idaho to get the child, and that he found that on November 14, 1960 Nora Summers had been appointed guardian of Crystal by the Probate Court of Ada County, Idaho. No notice of the proceedings had been served either upon the plaintiff or the defendant. The defendant came back to Chicago without the child and so informed the plaintiff.

In September of 1961 the plaintiff went to Boise, Idaho and instituted habeas corpus proceedings in the District Court of Ada County, Idaho for the custody of Crystal. The petitioner in the proceedings was the plaintiff and the respondents were Charles and Nora Summers of Boise. After a full hearing the court denied the petition of the plaintiff for a writ of habeas corpus and remanded the custody of Crystal to the respondents. The order was entered December 8, 1961.

The plaintiff returned to Chicago, and on January 16, 1962 filed in the Superior Court of Cook County a petition for a rule upon the defendant requiring him to show cause why he should not be held in contempt of court for willfully refusing to comply with the order of the Superior Court of May 26, 1961. The defendant appeared in court in person. He was not represented by counsel and filed no responsive pleadings. The court made the rule returnable instanter and entered an order finding the defendant was in willful

contempt of the order entered herein on the 26th of May, 1961, and further finding that "no sufficient cause is shown by the respondent, Fred Halverson, why the same should not have been done, or that he has or is unable to do the same, but that he, although well able so to do, has wilfully and in contempt of Court, failed and refused, and still refuses, to return the child to the petitioner, Frances Halverson Chambers," and that the defendant be committed to the county jail of Cook County until he "returns Crystal Halverson to this jurisdiction of this court and custody of Frances Halverson Chambers." The defendant was sent to jail.

On March 6, 1962, through attorneys, the defendant filed a petition in the Superior Court of Cook County for a release from custody, and requested that a hearing be held on March 7, 1962. On March 6th, apparently without any hearing whatsoever, the trial judge denied the petition.

On May 29, 1962 the present attorneys filed their appearance as additional counsel for the defendant, and on June 14, 1962 petitioned the Superior Court for a rehearing of the order of commitment or in the alternative for the release of the defendant from custody. In the verified petition filed June 14, 1962 the defendant set out the divorce, grant of custody of Crystal to the plaintiff, and alleged that in 1957 the plaintiff had sent her to live with the defendant and that he in 1958, with the consent of the plaintiff, sent the child to live with relatives in North Dakota and subsequently to Idaho. He also alleges that the Probate Court of Ada County had appointed Nora Summers guardian of Crystal. That order is attached to the petition as an exhibit. He also sets out the order of May 26, 1961 ordering the defendant to bring Crystal to the State of Illinois no later than June 10, 1961. It is further alleged that he went to Idaho and was there advised of the appointment of Nora Summers as

288

guardian. The petition further sets out the habeas corpus proceedings filed by the plaintiff in 1961 in the District Court of Ada County, Idaho for custody and the order of the District Court denying the writ and remanding custody of the child to the Summerses. The order and the findings of fact of the District Judge are also attached to the petition as an exhibit. The defendant also alleges that he did not willfully disobey the order of May 26th and that the failure to return Crystal to the State of Illinois was because of matters over which he had no control, and that he was on January 16, 1962 committed to the county jail of Cook County, which imprisonment was ordered to continue until he complies with the order of the Superior Court of May 26th to return the person of Crystal from the State of Idaho and deliver her to the plaintiff. In the petition he also states that he is unable to comply with the order of the Superior Court of May 26th because to do so would violate the criminal laws of the United States or of the State of Idaho, and that he cannot purge himself of this contempt because of his incarceration in the county jail. He further states that when the plaintiff presented her petition to the Superior Court of Cook County to have the defendant cited for contempt she alleged, among other things, that "defendant has wilfully failed, refused, and neglected to comply with the said Decree of Divorce and the Order entered on May 26, 1961, although he is well able to do so." He further alleges that at that time the plaintiff knew that the statements were "fraudulent and false" since she had agreed to the removal of Crystal to Boise and since she had instituted habeas corpus proceedings in Idaho and was fully aware of the order of the District Court of Idaho. He further sets out that on March 6, 1962 the defendant petitioned the Superior Court of Cook County for a release from custody, which petition was denied.

No answer was apparently filed to the petition, and on June 14, 1962 the trial court entered an order denying the prayer of the petition and providing that the "defendant, Fred E. Halverson, shall remain in custody until he returns Crystal Halverson to the jurisdiction of this Court and custody of Frances Halverson Chambers."

In the District Court of Ada, Idaho, according to the certified findings of fact filed as an exhibit attached to the petition, the court finds among other things that the minor child exhibits fear of the plaintiff; that when the minor child was about five years old the plaintiff voluntarily placed her in a children's home for approximately seven months; that during the 1957–1958 school year the plaintiff sent the child to live with her father; that at the end of the 1957–1958 school year the father sent the minor child, with the consent of the plaintiff, to live with relatives in North Dakota, and that in August of that year the child was sent to live with the Summerses in Boise, Idaho, where she has lived ever since that date. The court further finds that the child has developed a feeling of complete rejection and that she was not loved or wanted by either of her natural parents; that "the minor child came to respondents' home with the knowledge and acquiescence of the petitioner"; and that "the minor child has been accepted by respondents as a natural child, and the said child found and enjoyed in their home a stable family and home environment which she had not heretofore enjoyed after the divorce of her parents"; that the Summerses have ample housing and income to care for the child and are morally and emotionally fit to have her custody; that the child desires to remain with them and "the well being and best interest of the minor child will best be served by allowing her to remain with respondents."

■ With this petition and the exhibits before it, it is apparent that the trial court had a complete pic-

ture of the factual situation. It is of course true that the factual findings of the Idaho District Court are not binding and conclusive upon a judge of the Superior Court of Cook County. Nevertheless, this court is at a loss to understand why, with a petition of this kind before it, the trial court would not order that the plaintiff file an answer and that a complete and full hearing be had upon the matter.

The court of Boise, Idaho had jurisdiction to decide the right of the plaintiff to the custody of the child in spite of the decree of the Superior Court of Cook County entered some ten years before. The same issue was before us in People ex rel. Brown v. Walls, 38 Ill App2d 385, 187 NE2d 288. In that case we held that in a habeas corpus proceedings brought in the courts of another State the question of change of circumstances sufficient to justify a change in custody could be presented to the court. In that case we cited People ex rel. Stockham v. Schaedel, 340 Ill 560, 173 NE 172, where the court held that it was proper in a habeas corpus proceeding to inquire into the question of the children's best interests, and that, in spite of the fact that a divorce decree entered in one State grants custody of the children to one of the parties, another court may decide on the change of the custody of the children based upon a subsequent change of circumstances. See also Peraza v. Tovar, 13 Ill App2d 405, 142 NE2d 165; Nye v. Nye, 411 Ill 408, 105 NE2d 300; Frank v. Frank, 26 Ill App2d 16, 167 NE2d 577. This rule would apply whether the defendant took or sent the child to Idaho with or without the consent of the plaintiff.

The plaintiff took no appeal from the decision of the Idaho court. Chapter 22, paragraph 42, Illinois Revised Statutes, gives to courts of chancery power to enforce their decrees and to exercise such other powers as pertain to courts of chancery and which may be necessary for the attainment of justice. This case

is one of civil contempt. The plaintiff was ordered imprisoned until he complied with the order of the court to return the child. However, we are aware of no case in any jurisdiction which holds that a trial court may sentence a person to jail until he performs an act which is impossible for him to perform without a violation of the criminal laws. In People v. Lewe, 380 Ill 531, 44 NE2d 551, the Supreme Court said that theretofore it had not directly passed upon the question of the jurisdiction of a court which commits a contemnor in cases of civil contempt to discharge him from custody on a showing of inability to comply with the order. The court cited the case of Wilson v. Prochnow, 284 Ill App 369, 1 NE2d 505, where the Appellate Court reversed the ruling of the Circuit Court of Cook County which dismissed Prochnow's petition for release on the ground that the court had no jurisdiction so to do, and remanded the cause to that court for consideration of evidence. In the Wilson case petition for leave to appeal was denied. In the Lewe case the court said:

> "As was held by this court in Wilson v. Prochnow, 359 Ill 148, cases of this character are civil contempts and the imprisonment ordered is not as punishment but to the end that the other party to the suit may obtain a remedy to the advancement of his own private interest and rights, which he could not otherwise procure."

The court then cites cases from other jurisdictions holding that the court has a right, on petition for discharge based on the ground of impossibility of obeying the order, to discharge the petitioner. The court further said:

> "Section 42 of the Chancery Act pertains to powers of courts of chancery. That section grants to courts of chancery power to enforce their de-

crees and to exercise 'such other powers as pertain to courts of chancery, and which may be necessary for the attainment of justice.' (Ill Rev Stats 1941, c 22, § 42.) Under that section we are of the opinion that the superior court in this case had jurisdiction to hear Frank's petition and to, in a proper case, discharge him. It may be observed that if this be not true, there is no court and no method by which one incarcerated for contempt of court in such a case could ever hope to obtain his freedom if unable to comply with the order. Such a situation would amount to life imprisonment for debt, which is contrary to the genius of our form of government."

█ In the case before us the plaintiff filed a motion to dismiss the appeal, which motion was taken with the case. On June 14, 1962, after the record was filed in the Appellate Court, a motion was made by the defendant for a supersedeas and for the court to set an appeal bond. This court allowed a supersedeas and fixed the bond at $1,000. The crucial provision in the bond is that in case the judgment of the Superior Court of Cook County should be affirmed the defendant will surrender himself to the Sheriff of Cook County, from whose custody he is bailed. As a basis for the motion to dismiss the plaintiff alleges that the defendant was working in Hawaii and was outside of the jurisdiction of the court.

We passed upon a similar question in Burns v. Burns, 35 Ill App2d 34, 181 NE2d 605, in which case a decree for divorce was entered awarding to the plaintiff the custody of a minor child. The defendant took the minor child out of the jurisdiction of the court and refused to return the child to the custody of the plaintiff. The defendant was held in contempt by the trial court. The defendant filed his appeal from that order, and at the time of oral argument before this

court he was not within the jurisdiction, nor was there any indication that he intended to return to the jurisdiction with the minor child who was in his custody. In that case this court entered an order that the appeal be dismissed thirty days after the date of the filing of the opinion unless it was shown that the defendant had appeared in person in the trial court and returned the custody of the minor to the plaintiff. This order was not complied with and the appeal was dismissed. In the instant case, at the time the motion to dismiss the appeal was before this court the attorney for the defendant represented to the court that he would produce the person of the defendant in court at any time fixed by the court on or after May 1, 1963, and in accordance with that representation this court entered an order that the defendant appear in this court on May 1, 1963. The case was set for oral argument on May 1, 1963, and at that time the defendant appeared in court and his attorney stated that the defendant would surrender himself to the custody of the Sheriff of Cook County if this court affirmed the order of the trial court. Under those facts the rule laid down in the Burns case and the other cases cited by the plaintiff is not applicable. The motion to dismiss the appeal is denied.

During oral argument counsel for the plaintiff was asked as to what proceedings he would suggest the defendant institute in order to return the minor child to the State of Illinois. The only suggestion he made was that the defendant should prosecute a writ of habeas corpus in the court of Ada County, Idaho. That such proceedings would be idle is apparent from the fact that that court had already refused to award such a writ to the plaintiff, who had the right under the divorce decree of the Superior Court to the custody of the child. It is apparent that the only other possible method by which the child could be brought

into Illinois would be by vis major in violation of both the laws of the United States and of the States involved.

The order of the Superior Court of Cook County entered January 16, 1962 committing the defendant, Fred E. Halverson, to the county jail of Cook County, and the order entered June 14, 1962, which denied the petition of the defendant to release him from custody, are reversed, and judgment is entered here that the defendant, Fred E. Halverson, is discharged from the custody of the Sheriff of Cook County, Illinois.

Reversed and judgment here.

DEMPSEY, PJ and SCHWARTZ, J, concur.