(No. 41886.—

THE PEOPLE *ex rel.* Alice Morris, Appellee, *vs.* JAMES R. MORRIS, Appellant.

*Opinion filed December 19, 1969.*

MOEHLE, MOEHLE, REARDON, SINCOCK & BODE, of Pekin, (D. CALVIN SINCOCK, of counsel,) for appellant.

LEMMER, VELDE, BOGGS & KREBAUM, of Havana, (KENNETH H. LEMMER, of counsel,) for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On this direct appeal, we are asked to decide whether, in a *habeas corpus* proceeding, the circuit court of Mason County properly awarded to the petitioner-mother the

custody of the two minor children born of the marriage between petitioner and respondent.

The parties to this action were married in Mason County, Illinois, on July 21, 1957. At that time petitioner had custody of her two children by a prior marriage, *viz:* Sonda and Lelia Tackman; and subsequently, two children, the subjects of this proceeding, were born to the parties, James Jr., born July 29, 1958, and Alice Leona, born October 27, 1960. In 1961 the family moved to Arizona. Marital difficulties developed and on November 20, 1963, petitioner filed suit for divorce in Maricopa County, Arizona. Shortly after being served with process but before any formal court action in the divorce suit, respondent removed himself and the two subject children from Arizona to the State of Illinois. On January 3, 1964, the Arizona court entered a default divorce decree awarding custody of the Morris children to the petitioner. Shortly thereafter, petitioner sent the Tackman children to Illinois. Evidence as to who was to care for them and the reasons for their being sent was at variance. Petitioner testified that she sent the children to her mother for a short vacation but that respondent intercepted them. Respondent stated that the children were sent to him because petitioner was both financially and emotionally incapable of caring for them. Regardless of the truth of either allegation, the physical custody of the Tackman children was in respondent until December, 1966, when petitioner requested their return. The Tackman children were returned to petitioner who had prior thereto given birth to an illegitimate child, Charles, born August 13, 1965. In July, 1966, respondent remarried and he and his present wife now have custody of her three children by a previous marriage.

In 1967 petitioner came to Illinois and, with the assistance of the local sheriff, regained custody of the two Morris children, and returned to Arizona. Respondent then went to Arizona and brought the Morris children back to

Illinois. Petitioner initiated *habeas corpus* proceedings on August 18, 1967, and was thereafter awarded custody of the Morris children subject to visitation privileges in the respondent during the summer months.

On appeal, respondent argues that the trial court abused its discretion in basing its decision on an arbitrary rule requiring that one parent have custody of all the children of the family unit, and that because he had exclusive uninterrupted actual custody of the subject children for a substantial period of time, custody should not have been changed, absent a showing that such change was necessary in the best interests of the children. Reviewing the record before us, we find these contentions without merit. The rule oft expressed in this State, and expressly followed by the court below is that custody will be awarded consistent with the welfare and best interests of the child. (*People ex rel. Bukovich* v. *Bukovich,* 39 Ill.2d 76; *Miezio* v. *Miezio,* 6 Ill.2d 469; *Nye* v. *Nye,* 411 Ill. 408; *Buehler* v. *Buehler,* 373 Ill. 626; *Carlson* v. *Carlson,* 80 Ill. App. 2d 251; *Day* v. *Day,* 33 Ill. App. 2d 247; *Hansen* v. *Hansen,* 24 Ill. App. 2d 74.) Respondent's argument merely begs the question and, in effect, attacks the reasoning process of the trial court in determining the best interests of the children. The unique facts of this case were thoroughly considered by the trial court. An exhaustive hearing was conducted—in all, 35 witnesses testified on behalf of the respective parties. Much, if not all, of this testimony was in direct conflict and highly emotional. Petitioner had been granted custody of the children by the Arizona court. Yet, for most of the period since that decree, respondent had actual custody. The facts showed that both parties were steadily employed and had adequate living accommodations. Petitioner had recently purchased a house on contract and had expended substantial sums for remodeling and was in a better financial position than respondent who had recently gone through bankruptcy proceedings. Although petitioner had given birth

to an illegitimate child, the trial court found that the evidence presented did not establish any promiscuity. Her friends and neighbors testified to her present good character and earnest attempt to lead an exemplary life. She had dutifully cared for her illegitimate child and the two Tackman children, providing for their material and religious needs. The trial judge interviewed the subject children in his chambers without objection and, of their own initiative, they stated they did not wish to be separated and that they wished to live with their mother. When rendering its judgment, the court specifically found neither parent was unfit for the care and custody of the children. However, the court ruled that, in the best interests of the subject children, what still remained of the family unit should be preserved. The Tackman children and the illegitimate child were in the custody of petitioner. These children were the half-brother and half-sisters of the Morris children—petitioner being the common parent. In rendering its decision the court stated that it took into consideration not only the best interests of the Morris children but also the Tackmans and the illegitimate. With the benefit of observation as well as consultation, the court decided that it was in keeping with the interests of all the children concerned to allow the Morris children to "grow up, to know their brothers and sisters, to live with them, to play with them, and to try to keep the bond of the family unit throughout their lives  *  *  *." We also think implicit in the court's decision was the fact that the two Morris children were of tender years, (James Jr., 10 years old, and Alice Leona, 8 years and 9 months, at the time of the hearing), and that the maternal affection was better adapted to the care of the children. (*Nye* v. *Nye,* 411 Ill. 408.) We agree with respondent that custody of children should normally not be changed absent a showing of changed circumstances, and that such change would be for the best interests of the child. However, because of the posture of this case we fail to find any error in the trial court's judgment.

This court recognizes that on different facts a different result might obtain as to the placement of the children, (*cf. Buehler* v. *Buehler,* 373 Ill. 626). Based on the record in this case and the fact that the trial court was in an excellent position to make an informed decision, we are constrained, absent a clear showing of abuse, to affirm that decision. We find no error.

It is next argued that the trial court erred in granting full faith and credit to the prior Arizona divorce decree and custody award. However, we need not consider this contention. The trial court, after granting full faith and credit to the Arizona decree, did not cease its inquiry into the matter. On the contrary, the court made a thorough investigation aimed at determining the best interests of the children. In *People ex rel. Bukovich* v. *Bukovich,* 39 Ill.2d 76 at 79, we noted that: "The interests of national unity that underlie the concept of full faith and credit do not foreclose a State's responsibility to investigate the child's welfare in a custody case merely because another State has discharged the same responsibility at another time. *May* v. *Anderson,* 345 U.S. 528, 536, 97 L. Ed. 1221, 1228, 73 S. Ct. 840. (Frankfurter, J., concurring.)" Accordingly, we find no error in the procedure adopted by the trial court.

The judgment of the circuit court of Mason County is affirmed.

*Judgment affirmed.*