MYRNA A. BRAUNFELD GOLDEN, Plaintiff-Appellant, *v.* PETER GEORGE
BRAUNFELD, Defendant-Appellee.

(No. 12534;

Fourth District—October 3, 1974.

Thomas P. Sullivan, Marshall J. Auerbach, and Mary Lynn Buss, all of
Chicago (Jenner & Block, of counsel), for appellant.

Harold A. Baker, of Hatch, Corazza, Baker & Jensen, of Champaign,
for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an appeal by the plaintiff, Myrna A. Braunfeld Golden, from
an order of the circuit court of Champaign County modifying a divorce
decree to change custody of her two children, Kenneth and David Braun-
feld, to their father, Peter George Braunfeld, the defendant in the instant
case.

Myrna and Peter were married in August, 1959. Kenneth was born in
November 1963, and David was born in October 1966. Myrna and Peter
separated in November 1968, at which time Peter voluntarily relin-
quished custody of the boys to Myrna. The parties were divorced on
February 7, 1972, at which time Peter consented to a decree indicating
that Myrna was a "fit and proper person" to have custody of the children
and awarding custody of the children to Myrna subject to liberal visita-
tion rights. Several weeks after the divorce Myrna married William
Golden. In May 1973, Peter, who had remained single, petitioned for a
change of custody. A lengthy hearing was then held. We find that there
would be no useful purpose served by reciting the facts elicited at that

hearing. After the hearing, the trial court, on January 7, 1974, modified the original divorce decree and changed custody of the two children from Myrna to Peter finding that "it is in the best interests of said minor children that their care, custody, control and education be awarded to [Peter], with the same rights of liberal visitation in the mother that have heretofore been exercised by the father. Child support to terminate."

Upon taking the case under advisement the trial court stated that because of the agreed custody provisions of the original divorce decree no evidence had been heard on the child custody issue in February 1972, and, therefore, "[i]t is as though there had been no hearing or no ruling by the court of a discretionary nature regarding the custody of the children * * * There is no burden on either party to show a material and substantial change of circumstances." On appeal, plaintiff contends that the trial court erred in failing to make a specific finding as to the existence of a material change of circumstances since the entry of the original decree. We agree.

In *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300, the supreme court of this state held that while the modification of a divorce decree to change custody of children is a matter of discretion on the part of the trial court, such a change must be supported by a change of circumstances adversely affecting the best interests of the children, the rationale being that the original decree is *res judicata* as to the facts which existed at the time of the original decree but not as to facts which arise thereafter. In *Nye* there was an express finding in the stipulated decree of "best interests." Both the appellate court (343 Ill.App. 477, 481, 99 N.E.2d 475) and the supreme court (411 Ill. at 415, 416) in *Nye* considered that decree to also contain an implicit finding of "fitness."

It is contended here by the defendant, and the trial court so found, that the finding of change of circumstances required by *Nye* before modification is not necessary when the custody provisions of the original decree are based on the stipulation of the parties, the idea being that in that situation the court receives no evidence concerning fitness or the best interests of the children, and does not exercise its discretion in awarding custody. We find *Nye* to be dispositive because that case also involved an original stipulated decree, and the court, nevertheless, required a finding of change of circumstances to modify that decree. Hence, in affirming the appellate court the supreme court stated:

> "No different conduct has allegedly occurred that the husband does not declare he was generally aware of at the time of the decree. *At that time he voluntarily entered into a custody agreement which accepted her as a fit person. The decree of the court accepted her as a fit person.*" (Emphasis added.) 411 Ill. at 415-416.

In the instant case the original consent decree stated that plaintiff was a "fit and proper person" to have custody of the children. Under our reading of *Nye* this is also implicitly a finding of best interests. Defendant is then bound by such a determination unless he can affirmatively show a material change of circumstances adversely affecting the best interests of the children occurring after the original decree. Indeed, although there is dictum to the contrary in our opinion in *McDonald v. McDonald*, 13 Ill.App.3d 87, 299 N.E.2d 787, this court there still found a change of circumstances which subjected the original custody order to modification even though the custody provisions of the original decree were stipulated. Also see *Clark v. Clark*, 1 Ill.App.3d 69, 273 N.E.2d 26 (4th Dist.) for a similar finding where the original custody provisions were likewise stipulated. We find then that *Nye* and the prior decisions of this court require that one who seeks to modify the custody provisions of a divorce decree, whether those provisions are based upon stipulation or are the results of a trial court determination after a contested hearing, must carry the burden of showing a material change of circumstances adversely affecting the best interests of the children occurring after the entry of the original decree. The trial court erred in holding otherwise.

In the context of the present record, whether defendant proved the existence of a material change of circumstances adversely affecting the interests of the children during the relevant period or whether defendant sufficiently proved the existence of conduct on the part of plaintiff that he was not generally aware of at the time of the original decree which likewise adversely affected the interests of the children, are factual determinations for which the trial court is in a better position to resolve than is this court. Accordingly, this cause is hereby reversed and remanded to the trial court for a specific finding in that regard.

Reversed and remanded with directions.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE TRAPP dissenting:

It is oft repeated that in matters of child custody the "guiding star" is and must be at all times the best interests of the child. (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300.) This case suggests and illustrates that the unconsidered application of a rule of res judicata that requires a showing of altered or changed circumstances since the date of decree fixing custody may greatly erode, if not completely nullify, the ability of the court to make an advised determination of the best interests of the children.

This dissent is directed to the proposition that the neglect or failure of the parties to a divorce, ill-advised or otherwise, to initially present

to the court relevant facts concerning the "best interests" of the child or children should not bar the court from considering such interests when relevant and significant facts are actually presented to it subsequently.

While the stated purpose of the rule is to prevent "groundless attempts" to change custody (*People ex rel. Bukovich v. Bukovich,* 39 Ill. 2d 76, 233 N.E.2d 382), the thesis here is that the court should recognize that in certain cases the rule may subordinate the real interests of the child or children to a judicial discipline of the parents and make the court ineffectual where the circumstances call for a genuine determination of the welfare of the children concerned.

The opinion in *Nye* makes apparent that "fitness" of a parent and the "best interests" of children are distinct and separable factors in determining custody. In *Nye,* the pleadings raised the sole issue of "fitness" in a moral context. The court said:

> "Therefore, compelling evidence must be presented, proving the mother to be a unfit person, to cause the custody of her minor daughter to be denied her, *or* there must be a positive showing that to deny custody to the mother would be for the best interests of the child." (Emphasis supplied.) 408 Ill. at 414.

A court may find that each parent is "fit" but determine that the best interests of the child requires that custody be in one parent. (*People ex rel. Morris v. Morris,* 44 Ill.2d 66, 254 N.E.2d 478.) It is not necessary to find a wife unfit before custody may be changed or denied to her. *Osborn v. Hufsey,* 44 Ill.App.2d 157, 194 N.E.2d 556; *Kline v. Kline,* 57 Ill.App.2d 244, 205 N.E.2d 775.

Upon this record, it is apparent that in entering the decree initially fixing custody in the wife, the court was prevented from ascertaining the best interests of the children. Only the wife testified stating that she had custody and that she would "like to retain custody," and that a satisfactory arrangement for visitation had been worked out. Such arrangement was not stated to the court and it does not appear in the decree. Despite the record of prior treatment for mental or emotional problems, she advised the court that she was "in good health." There was neither a written stipulation concerning custody as in *Nye,* nor testimony concerning the best interests of the children as in *Girolamo v. Girolamo,* 5 Ill.App.3d 627, 283 N.E.2d 713. Here, the decree fixing the custody found the wife a "fit" person but made no finding as to the best interests of the children. The question was presented to the court only in the light of the allegation of the complaint that the wife was a "fit and proper person." Such allegation was admitted in the answer, albeit it appears in the record that defendant desired to protest custody but desisted when counsel advised that such course would make the divorce difficult. In *Girolamo,* the court reviewed proceedings for change of custody in which

it was alleged that there were material facts affecting the welfare of the children not known to the court at the time of the initial decree. The court said:

> "While the evidence in a proceeding of this nature is generally limited to matters which tend to show a change in circumstances since the last award of custody, parties may be permitted to show that there were material facts existing at the time of the previous decree, *but unknown to the court,* if such material facts tend to show that such a change in custody would be in the best interests of the child." (Emphasis supplied.) 5 Ill.App.3d at 629-630.

In *Harms v. Harms,* 323 Ill.App. 154, 55 N.E.2d 301, each parent under an agreement received custody of one child. Thereafter, the wife sought a change of custody so that both children would be with her. The husband contended that there was no showing of a change of circumstance. That opinion discussed *Thomas v. Thomas,* 233 Ill.App. 488, noting that in *Thomas* the court considered that:

> "[T]he original decree would be deemed *res judicata* as between the parties unless it is made to appear that it would be for the best interests of the child to give it to another. Apparently the court had in mind that the children were not parties to the divorce case, and that the rule of *res judicata,* while applicable between the parties, would not be allowed to interfere with the duty of the court to enter an order in accordance with the best interests of the children. The court would not be justified in altering the original decree as to the custody of the children unless there was a change in the situation, or *unless facts* or *circumstances which should have been called to the attention of the court* at the time the decree was entered, *were overlooked."* (Emphasis supplied.) 323 Ill.App. at 159.

In *Peraza v. Tovar,* 13 Ill.App.2d 405, 142 N.E.2d 165, a habeas corpus proceeding, the respondent contended that relief should not be granted without a showing of changed circumstances since a prior decree fixing custody. Citing *Thomas* and the quotation from *Harms,* the court said:

> "The welfare of the child should not be affected by the negligence, if any, of petitioner or his attorney in failing to appear in the first habeas corpus proceeding." 13 Ill.App.2d at 412.

On this record, the wife's testimony that she was in good health may be considered subject to challenge. Assuming that her answer was not fraudulent, it would mislead the court even if not so intended. It is clear that no facts concerning the mental or emotional condition of the wife were brought to the attention of the court, or that he had occasion to consider such in the light of the interests of the children.

The principal opinion suggests that it follows the rule of *Nye*. The latter opinion notes and reiterates that the testimony shows that the child there concerned received excellent care in a desirable home. The emphasis of the opinion was upon the issue of whether there was a want of moral fitness which affected the best interests of the child. It seems fair to say that the court, in *Nye*, had no occasion to consider the child's best interest in the light of factors such as the nervous or emotional problems of the parent having custody.

As is argued in behalf of the husband, this record does include facts showing a change of circumstances in that more acute manifestations of the wife's phobic reactions appeared subsequently to the divorce. The parties had been separated for some 2 years prior to the divorce, and there is evidence that at the time of the decree the husband had been advised that the wife was recovering.

The court here did find upon substantial evidence that the best interests of the children required a change of custody. Upon the facts, the rule that the welfare of the children is the test of custody is subordinated to the doctrine that res judicata under a decree arising from the acts of the parents controls the disposition of the best interests of the children. The issues here should be reviewed upon the merits without remand.