JOHN HANCOCK, Plaintiff-Appellee, *v.* DONNA L. HANCOCK, n/k/a DONNA L. HANCOCK HEDJA, Defendant-Appellant.

(No. 12465;

Fourth District—December 17, 1974.

Judson C. Ball, of Barrington, for appellant.

Richard Kruger, of Metropolis, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant Donna Hancock appeals from an order of the circuit court of Coles County denying her petition for change of custody of Deborah Lynn Hancock, now 8 years old.

The petitioners were married in February 1965 and divorced in December 1968. The father was awarded custody of the daughter. In March 1969, the mother petitioned the court for a change of custody. This petition was denied. In November 1970, she filed another petition, and, after a hearing, the court found a sufficient change in circumstances as to warrant a modification of the custody order. In substance, the court awarded each party custody of their daughter for 6-month periods.

In February 1972, the wife again sought a change of custody, and, in May 1972, the husband likewise sought a modification of the custody order. Essentially, the husband alleged that Deborah Lynn would begin the first grade in the fall of 1972, and the current custody order would

be unsatisfactory and not in the best interests of the child. It was noted that the child would have to attend grade school 9 months out of the year and thus require an adjustment in the 6-month alternating custody arrangement. The petition urged that the fact Deborah Lynn would begin school on a full-time basis constituted a sufficient change of circumstances warranting the modification of the court's order. A hearing was held on both petitions, and the court ordered that the husband have custody of the child for approximately 10 months out of the year, those months spanning the school term, subject to the wife's visitation rights, and that the wife would have custody of Deborah Lynn for the balance of the year. The court's order was not appealed.

On July 13, 1973, the wife again petitioned the court requesting that she be given custody of Deborah Lynn. Her petition contained five allegations. The first three allegations restated the substance of all prior allegations found in previous petitions and did not present new facts cognizable by the trial court in the hearing on the motion. It is relevant to note that in paragraph 3 she alleged that both had remarried, that both families resided in small communities, and that both parties were fit to have custody of the minor child. Paragraph 4 alleged that she had given birth to an infant girl by her second husband. Paragraph 5 alleged that the birth of this infant had a positive effect upon her home life and that the presence of the infant is "an additional sociological influence in the home," which would enure to the sociological and emotional enrichment of Deborah Lynn if she was present.

On August 2, 1973, a hearing on the petition was held. A great deal of testimony was presented by the parties concerning their respective credentials as parents. They all testified concerning their home life, quality and standard of living, and social and religious practices, all of which underscored the previous holding of the court that both parties were fit parents. Also Rebecca Hancock, the husband's second wife, testified that she was expecting a child in the near future. It was also brought out in the course of the testimony that Deborah Lynn had completed the first grade and that she had done so by doing above average work. At the end of the hearing, the trial court agreed to take judicial notice that the county wherein Donna Hancock lived, Du Page County, had a school system that was at least comparable with the school system that Deborah had attended. After closing arguments, the trial court took the matter under advisement. On August 31, 1973, the court issued its order denying the petition. The trial court found that there had not been sufficient change of circumstances from the last order to warrant a change of custody.

■■ It is the general rule in cases dealing with change of custody of a

child that (1) the order of a court having competent jurisdiction is res judicata as to the facts which then existed and is binding upon the parties as long as the same conditions prevail; and (2) in order for a court to change its previous custody determination, *new conditions* must have arisen. *Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300.

■■ In *Sorenson v. Sorenson*, 10 Ill.App.3d 980, 295 N.E.2d 347, this court stated that in order to justify a change in child custody, a material change of circumstances which affects the welfare of the child must be shown, and furthermore, the party seeking the change has the burden of establishing that the child's best interests warrant such change. The opinion in *Sorenson* went on to further note that "[u]nless it appears that manifest injustice has been done a reviewing court will not disturb the determination of the trial court in matters concerning the custody of the infant children." Also see *Patton v. Armstrong*, 16 Ill.App.3d 881, 307 N.E.2d 178.

Likewise, in *Golden v. Braunfeld*, 22 Ill.App.3d 344, 317 N.E.2d 336, we noted:

> "We find then that *Nye* and the prior decisions of this court require that one who seeks to modify the custody provisions of a divorce decree, whether those provisions are based upon stipulation or are the results of a trial court determination after a contested hearing, must carry the burden of showing a material change of circumstances adversely affecting the best interests of the children occurring after the entry of the original decree." 22 Ill.App.3d 344, 345.

■■ In this case, the petition in question and the hearing thereon raised few new facts or conditions. The most significant were that the wife gave birth to an infant and that the husband's second wife was about to give birth to an infant, and that the wife's second husband earned considerably more than John Hancock. However, it is apparent that none of these facts demonstrated a dramatic change in condition from those which existed prior to the court's previous order. Since the wife did not appeal from that order, it is res judicata as to all facts that existed at that time.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.