LOUISE GIROLAMO, Plaintiff-Appellant, v. JOSEPH GIROLAMO, Defendant-Appellee.

(No. 71-42; )

Fifth District—May 12, 1972.

*Rehearing denied June 9, 1972.*

Frank R. Hudak, of Collinsville, for appellant.

Oehmke, Dunham, Boman & Leskera, of East St. Louis, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff-mother seeks reversal of an order of the trial court which denied her petition to modify a decree for divorce by changing the

custody of a child from the defendant-father to the plaintiff. The issue presented here is whether the trial court acted in the best interest of the minor child in finding that a substantial change of circumstances had occurred since the original award of custody but such change did not justify or require the change of custody sought.

The plaintiff-mother and defendant-father were divorced in July 1969 in an uncontested action brought by the mother. The decree provided that the father was to have custody of the minor daughter of the parties in the home of the paternal grandparents. The plaintiff was married eleven days after the divorce to a sixteen year veteran of the U.S. Marine Corps. Following the divorce the defendant and the child maintained a home with his parents and continued to reside there until August 1, 1970. At that time defendant married a widow with two children and he and his daughter moved from his parents' home and set up a new household with his new wife and her children.

On August 31, 1970, the plaintiff filed a petition to modify the decree for divorce praying that she be awarded full custody of the daughter. In substance her petition alleged that at the time of the divorce she was financially unable to support the daughter and was unaware that the father was legally obligated to furnish support for the daughter; that the daughter has been removed from the home of the paternal grandparents and is now living with the defendant and his second wife and the wife's two infant children by a prior marriage; that the change in custody of the daughter from the paternal grandparents to the father and his second wife has created a change of circumstances which are less favorable to the best interests of the daughter; that certain material facts existed at the time the decree for divorce was entered which were unknown to the court and that the original award of custody to the father was in fact conditional and temporary.

■■ At the hearing on the petition the trial court allowed great latitude in the introduction of evidence touching upon the issues of custody and the best interests of the child. A separation agreement signed by the parties prior to the granting of the decree of divorce was introduced into evidence. By its terms the plaintiff-mother agreed that custody of the child would be placed with the defendant-father with the proviso that the child remain a part of the household of the paternal grandparents. The agreement also recited that the plaintiff was in no position to provide for the minor child of the parties and that it was her honest belief that the best interests of the child would be for the child·to be in the custody of defendant in the home of the paternal grandparents. While the evidence in a proceeding of this nature is generally limited to matters which tend to show a change in circumstances since the last

award of custody, parties may be permitted to show that there were material facts existing at the time of the previous decree, but unknown to the court, if such material facts tend to show that such a change in custody would be in the best interests of the child. (See *Peraza v. Tovar,* 13 Ill.App.2d 405, 142 N.E.2d 165.) In recognition of this rule the trial court permitted the plaintiff to introduce evidence regarding the circumstances which she claimed had impelled her to sign the agreement awarding custody of the daughter to the defendant. She testified that at the time of the divorce she could not support the child and did not know she could have compelled defendant to pay support and that she therefore felt she had no choice but to agree that the defendant would have custody. She is now residing with her serviceman husband in a trailer home. She admitted that her present husband is subject to reassignment about every three years and was, at the time of the hearing, expecting orders sending him to duty outside the country but stated she does not expect to accompany him. It was her further testimony that her present husband was willing to take the daughter into their home and pay for her care and support. Plaintiff and her present husband do not have any children of their own. On cross-examination the plaintiff admitted she agreed that defendant would have custody of the child because she knew he would take care of the child well.

■■■ The law applicable to the case is not disputed and an extensive discussion of the authorities is not warranted. The award of custody of a child whose parents are parties to a divorce action is a matter that lies within the broad discretion of the court. (*Dunning v. Dunning,* 14 Ill.App.2d 242, 144 N.E.2d 535.) The often cited case of *Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300, stands for the proposition that the question of custody of a child of divorced parents is always subject to order of court and can be changed from time to time as the best interests of a child demands; that the welfare of a child is the sole consideration as to whether or not there should be a change in custody, and any change in circumstances of the parties will only be viewed in the light of its effect upon the welfare of the child. While *Nye* also stands for the proposition that courts will generally favor placing the custody of a small child, particularly a female, with the mother, if she is a fit and proper person to have such custody, it is also recognized that the rule of maternal placement is not arbitrarily applied. (*Vysoky v. Vysoky,* 85 Ill.App.2d 306, 230 N.E.2d 3.) It has also been held that remarriage alone is not sufficient ground for change of custody but may be considered only if it may have an effect upon the welfare of the child. *Windhorn v. Windhorn* 13 Ill.App.2d 785, 264 N.E.2d 531.

In this case the trial court found that both parties were fit and proper

persons to have the custody of the child, that the original decree awarded custody of the child to the defendant-father, that there was not any material fact which was not known to the court at the time of the original decree for divorce. The court further found that there has been a substantial change in the circumstances of the parties and in the circumstances of the minor child since the original decree but that such change does not warrant a change in custody as sought by the plaintiff-mother and that it is in the best interests of the child for her to remain in the custody of her father.

The only factor we are able to discern which would favor the change of custody sought by plaintiff is that she is the mother of the child and the child is a female. But it cannot be said that this represents a substantial change of circumstances of the parties and of the child which will require, or even justify, a change in custody. That same circumstance pertained when the plaintiff originally relinquished custody and asked the court to place custody with the father and acknowledged the father to be a proper person to have that custody. The father did not appear at the divorce proceeding in which custody of the daughter was awarded to him. It was the mother who took it upon herself to establish to the satisfaction of the court that the father was a proper person to have the custody of the daughter. At the divorce proceeding the court made careful inquiry into the custody arrangements suggested by the plaintiff. The record discloses the following colloquy between the court and the plaintiff:

"THE COURT: I want you to understand a few things. If the minor child is awarded to the defendant, the only way she would return or come back or be awarded to you would be from substantial changes in circumstances, such as the possibility of the child's father dieing, or something of that sort. Or if the grandparents would die, or if you were able to take care of the child without working or something of that sort. It would have to be a substantial change in circumstances before you could come back for a change in that decree. Understand that?

A. Yes.

THE COURT: There is a degree of finality about this and you should consider this very carefully. We want the child well provided for. The court doesn't care about you or your husband, you can take care of yourselves, but the court is concerned about the welfare of this child. Understand?

A. I have thought about it. I really feel it is the best for her."

It appears from the evidence that the new family relationship in which the daughter is now living is harmonious and well adjusted in every way.

The daughter is cared for by her new stepmother with the same consideration and affection as she gives to her own children.

■■■ The trial judge observed the witnesses, and is better able, on the basis of his observation, to assess the value of the testimony and study the personalities involved, then is a court of review. The order of the trial court should not be disturbed unless there is an obvious abuse of discretion or unless the order is contrary to the manifest weight of the evidence. (*Wade v. Wade,* 345 Ill.App. 170, 102 N.E.2d 356; *Windhorn v. Windhorn, supra.*) We do not feel that the order is contrary to the manifest weight of the evidence or that the record discloses an abuse of discretion.

This case is to be distinguished from *Akin v. Akin,* 109 Ill.App.2d 150, 248 N.E.2d 829, and *Fears v. Fears,* 5 Ill.App.3d 610, in that those cases were not concerned with a change of custody because of a substantial change in circumstances of the parties as they affected the minor child.

For the foregoing reasons the order of the trial court will be affirmed.

Order affirmed.

EBERSPACHER, P. J., and CREBS, J., concur.