PEGGY L. RANDOLPH, a/k/a PEGGY L. DEAN, Plaintiff-Appellee, *v.* CHARLES W. DEAN, Defendant-Appellant.

(No. 74-240;

Third District—April 30, 1975.

914

Katz, McAndrews, Durkee, & Telleen, of Rock Island (Stuart R. Lefstein, of counsel), for appellant.

Winstein, Kavensky, & Wallace, of Rock Island (Franklin S. Wallace, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Rock Island County Circuit Court granting Peggy L. Randolph's petition to modify her divorce decree so as to grant custody to her of the minor son of plaintiff and defendant Charles W. Dean.

Plaintiff Peggy Randolph (then Peggy Dean) was granted a divorce from defendant Charles W. Dean on May 24, 1971, on the ground of mental cruelty. Divorce proceedings were brief and uncontested by defendant who appeared only by counsel. The custody of their 2½-year-old child was awarded to the defendant-father, as a result of a written stipulation to that effect signed by both parties in the case. Plaintiff testified that at that time she considered defendant a fit and proper person to take care of the child, Craig, and that she had discussed the child's best interests with relatives and doctors. She stated that she and the defendant had agreed that it was to the child's best interests, at that time, to stay with the father. She also stated that defendant indicated he would take care of the child and she understood that custody could be changed in the future if circumstances warranted it.

In May 1973, plaintiff filed a petition seeking change of custody of the son to herself. It was shown at the hearing that both parties had remarried. Plaintiff then testified that there was an oral agreement between plaintiff and defendant, at the time of the divorce, that plaintiff could obtain custody of the child when she was financially and emotionally

able to take care of the child. Defendant testified that he could not remember the agreement. Plaintiff also testified that she agreed to custody being placed in defendant originally because she was working then and going to school 6 days a week, and she trusted defendant's mother to look after the child.

It was shown that defendant and his new wife had recently moved out of the city. Plaintiff testified to difficulty in reaching them and to apparent efforts by defendant to prevent plaintiff from seeing her child. Plaintiff did not visit her child for several months after the divorce, because she sensed an emotional strain on the child but she said that she gradually visited him once a week. While there was some conflicting testimony as to defendant's drinking habits, it appears that the child was being adequately cared for by defendant.

The trial court found that both the parties were fit parents; that the oral agreement which was outlined by plaintiff in her testimony was in fact made between the parties, and that plaintiff agreed to custody by defendant originally because she felt herself unable at that time to adequately care for the child. The court also found that plaintiff was no longer working and could provide a good home for the child along with her new husband. The court observed that custody in the mother is usually favored for a child of tender years and that in view of all of the findings of the court, the weight of evidence supported a change in custody from the father to the mother.

On appeal in this court, defendant challenges the trial court's decision for three reasons: (1) that the court improperly went behind the 1971 divorce decree to determine facts existing at that time; (2) that a mere change in the situation of the parent not having custody is insufficient to warrant a change in custody; and (3) that a presumption in favor of maternal custody is contrary to the law and in violation of the Illinois constitutional provision prohibiting discrimination on the basis of sex (Ill. Const. (1970), art. I, § 18).

■■ The rules generally relating to petitions for change of custody are well settled in Illinois. Basically, the best interests and welfare of the child are primary concerns of the court (*Nye v. Nye* (1952), 411 Ill. 408, 415, 105 N.E.2d 300). It is also true that a divorce decree, including custody provisions, is normally res judicata as to facts existing at the time of its entry, but the decree in respect to custody is temporary in nature and may be changed from time to time as the best interests of the child require. (*People ex rel. Bukovich v. Bukovich* (1968), 39 Ill.2d 76, 81, 233 N.E.2d 382.) It is also expressed, in many cases, that a change in custody is only warranted by a change of circumstances since the

entry of the decree which relates to the welfare of the child. See *Nye v. Nye* (1952), 411 Ill. 408, 415, 105 N.E.2d 300; *Windhorn v. Windhorn* (3rd Dist. 1970), 131 Ill.App.2d 785, 788, 264 N.E.2d 531.

■ It is first argued by appellant that the trial court failed to treat the original decree as res judicata and went behind the decree incorrectly to consider facts existing at that time but not in the record in the case. Appellant argues that the oral agreement and plaintiff's reason for signing the written stipulation, particularly, should not have been considered by the court. The doctrine of res judicata, however, should not be applied so strictly as to bar such evidence where the most important consideration is the welfare of the child. The court originally based the custody award on the agreement of the parties, without taking evidence as to the situation of the two parents or their ability to take care of a 2½-year-old boy. We agree that the petitioned court had the right to know the circumstances surrounding the custody agreement by the parties, when those circumstances did not appear of record, and had the right to consider them in rendering a decision on the petition. As stated in *Girolamo v. Girolamo* (5th Dist. 1972), 5 Ill.App.3d 627, 630, 283 N.E.2d 713:

> "* * * parties may be permitted to show that there were material facts existing at the time of the previous decree, but unknown to the court, if such material facts tend to show that such a change in custody would be in the best interests of the child."

The court, at the time of entering the divorce decree, in the instant case, knew only that the parties had agreed that defendant should take custody of the 2½-year-old boy and that plaintiff considered defendant fit and proper to have custody. It was thus proper for the court, in hearing the petition for the change in custody, to consider for the first time other facts existing in May 1971, such as plaintiff's circumstances and her reasons for signing the custody agreement, together with the oral agreement to which she testified.

■■ It is next argued by the defendant that a change in custody is justified only by a substantial change in circumstances directly affecting the child's welfare and that a change in the situation only of the parent not having custody is not sufficient for such a showing. We recognize that changes in custody should neither be arbitrarily made nor be subject to constant or even occasional variation "merely to follow fluctuations in the health, employment or residence of the parties last deprived of custody," barring specific provision to that effect in the divorce decree. (*Maupin v. Maupin* (4th Dist. 1950), 339 Ill.App. 484, 492, 90 N.E.2d 234.) Such factors, however, as remarriage or securing permanent employment and living quarters, while not controlling, are sufficiently related to the child's welfare, even when involving the parent not then

having custody. *Windhorn v. Windhorn* (1970), 131 Ill.App.2d 785, 788, 264 N.E.2d 531; *People ex rel. Bukovich v. Bukovich* (1968), 39 Ill.2d 76, 82, 233 N.E.2d 382.

Also, as related to the facts before us, it has been suggested that where custody is originally granted based solely on stipulation by the parties, upon a petition for change of custody, there need not be a showing of a substantial change in circumstances. The court may, in effect, determine, for the first time, in its own discretion, what custody provisions would be in the best interests of the child. *McDonald v. McDonald* (4th Dist. 1973), 13 Ill.App.3d 87, 89, 299 N.E.2d 787. See also *Golden v. Braunfeld* (4th Dist. 1974), 22 Ill.App.3d 344, 345-6, 317 N.E.2d 336.

■■ The most important thread, running through all of the cases, factually similar, is that the trial court's decision each time was affirmed, as the decree was not shown to be against the manifest weight of the evidence or to be an abuse of discretion. In *Sorenson v. Sorenson* (4th Dist. 1973), 10 Ill.App.3d 980, 982, 295 N.E.2d 347, the court stated, "Unless it appears that manifest injustice has been done a reviewing court will not disturb the determination of the trial court in matters concerning the custody of infant children." Also, as stated in *Marcus v. Marcus* (1st Dist. 1974), 24 Ill.App.3d 401, 409, 320 N.E.2d 581:

"* * * the presumption in favor of the result reached by the trial court is always strong and compelling in this type of case."

One of the factors admittedly partially considered by the trial court, and challenged by defendant here, is a presumption favoring custody in the mother for a child of tender years. Our supreme court had expressed such preference for maternal custody in such cases as *Nye* and *Bukovich*. In light of recent developments with regard to discrimination on the basis of sex, such doctrine has been questioned in some cases. (See *Marcus v. Marcus* (1st Dist. 1974), 24 Ill.App.3d 401, 407, 320 N.E.2d 581; *Anagnostopoulos v. Anagnostopoulos* (1st Dist. 1974), 22 Ill.App.3d 479, 482, 317 N.E.2d 681.) We do not divine from the record that the decision of the trial court in the instant case is primarily based upon such presumption. As a result of the cases referred to, it is apparent that there is now no inflexible rule (if there ever was one) requiring custody in the mother unless she is shown to be unfit. The general nature of the maternal instinct and particular characteristics of the mother, in each case, as well as those of the father, may certainly be considered by the trial court. Whatever weight the trial court in this case gave to the so-called maternal presumption, it is apparent that it was not excessive or erroneous, but simply another factor in support of the trial court's decision.

■■ Given all these factors cumulatively, with the change in the mother's

circumstances, the oral agreement that the mother should have custody when she became able to support the child creates a situation where we cannot say that the decision of the trial court ordering the change of custody was either against the manifest weight of the evidence or was an abuse of discretion. The trial court had an opportunity to observe the parties as they testified as well as the other witnesses, and was in the best position to evaluate the situation, with a view to what is in the best interests of the child. While we may not have reached the same conclusion had we conducted such hearing, we cannot say that the decision in fact was wrong.

The order of the Circuit Court of Rock Island County is, therefore, affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.