BETTY RAYBURN, Plaintiff and Counterdefendant-Appellant, *v.* HAROLD E. RAYBURN, Defendant and Counterplaintiff-Appellee.

Third District   No. 75-417

Opinion filed February 14, 1977.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Steven Skelton, of counsel), for appellant.

Owen, Roberts, Susler & Taylor, of Decatur (Jeffrey Taylor, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal is taken from the denial by the trial court of a petition for the custody of both minor children of the parties. The petitioner is the mother of the children. In the original divorce hearing, the trial court granted a divorce to the respondent-father, awarding him temporary custody of the two children. Subsequently, the trial court found, and the parties agreed, that it was in the best interests of the children that 4-year-old Brian, who was the natural son of the petitioner and the adopted son of the respondent, should be in the permanent custody of the petitioner,

but that 3-year-old Bruce, the child born to the marriage, should be in the respondent's permanent custody.

At the time of the divorce hearing, the petitioner was in a nervous and depressed condition and had undergone psychiatric treatment. It was shown that the petitioner suffered from severe anxiety neurosis and had used rather severe disciplinary methods on the two minor children.

On September 15, 1975, a hearing was had on a petition to further modify the divorce decree in which the petitioner asked for the custody of the younger child. The testimony at this hearing was that her case worker found that the petitioner was able to function adequately and that the psychiatrist had no longer any need of seeing her. In addition, it was shown that the respondent and the child, Bruce, lived with the respondent's mother. The grandmother, age 50, is a licensed babysitter and takes care of preschool age children. Based on this evidence, the trial court determined that it was in the best interests of the child to remain in the permanent care and custody of the respondent, and therefore, denied the petition.

■■ Ordinarily, there is a presumption in favor of maternal custody of children of tender years. (*Randolph v. Dean* (3rd Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473.) Therefore, either compelling evidence must be presented to show the mother is an unfit person or there must be a positive demonstration that a denial of maternal custody is in the best interests of the child, if custody is to be denied to the mother. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300.) That is, in spite of the presumption, there may be unusual circumstances in which it is in the best interests of the child for custody to be awarded to the father. *People ex rel. Bukovich v. Bukovich* (1968), 39 Ill. 2d 76, 233 N.E.2d 382.

In the hearing at which permanent custody was awarded, such unusual circumstances were brought to the attention of the trial court, which awarded custody of the one child to the father. The only change in circumstance involved in this case is that of the noncustodial parent.

■■■ Under a petition for change of custody, the best interests and welfare of the child are of primary concern to the court. (*Nye v. Nye* (1952), 411 Ill. 408, 105 N.E.2d 300; *Randolph v. Dean* (3rd Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473.) Even though a decree granting custody is regarded as temporary (*Hohenadel v. Steele* (1908), 237 Ill. 229, 86 N.E. 717), changes in custody should not be varied constantly, fluctuating with the health, employment or residence of the party not in custody. (*Randolph v. Dean* (3rd Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473.) Generally, to justify a change of custody there must be a material change of circumstances adversely affecting the best interests of the child. (*Golden v. Braunfeld* (4th Dist. 1974), 22 Ill. App. 3d 344, 317 N.E.2d 336.) A change of circumstances of only the noncustodial parent may be

considered, but it is not sufficient for a change of custody that the changed circumstances affect the parent's situation without affecting the welfare of the child. (*Maupin v. Maupin* (4th Dist. 1950) 339 Ill. App. 484, 90 N.E.2d 234.) Furthermore, once the trial court makes its decision, that decision will be disturbed only if there is an obvious abuse of discretion or the order is contrary to the weight of the evidence. *McDonald v. McDonald* (4th Dist. 1973), 13 Ill. App. 3d 87, 299 N.E.2d 787; *Girolamo v. Girolamo* (5th Dist. 1972), 5 Ill. App. 3d 627, 283 N.E.2d 713.

■■ We do not find that the trial court abused its discretion. Nor do we find that the decree is against the weight of the evidence. The trial court had an opportunity not afforded to the appellate court. Specifically, the trial court had the ability to observe the witnesses as they testified. From the evidence presented, the trial court could reasonably find that it is in the best interest of the child to continue permanent custody in the respondent-father.

Accordingly, the judgment of the Circuit Court of Iroquois County is affirmed.

Affirmed.

STENGEL, P. J., and ALLOY, J., concur.