DAVID R. MYERS, Plaintiff and Counterdefendant-Appellant, *v.* EDWALYNN
V. MYERS, Defendant and Counterplaintiff-Appellee.

Third District   No. 75-446

Opinion filed August 25, 1977.

William F. Morris, of Pekin, for appellant.

No brief filed for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The cause which is the basis for this appeal was initiated by David R. Myers, hereinafter referred to as the plaintiff, who filed a verified complaint for divorce against the defendant, Edwalynn V. Myers. In

response, the defendant filed a verified answer, denying all material allegations in the complaint as well as denying that she was not a fit person to have custody of her three minor children. Furthermore, the defendant filed a counterclaim, which the plaintiff moved to dismiss. However, no hearing was ever had on the motion to dismiss.

At a hearing, on October 1, 1975, on the defendant's petition for temporary relief and before any evidence was produced, the defendant's counsel orally tendered the defendant's "confession" of the complaint to the trial court. Counsel for the plaintiff then moved to dismiss the complaint. However, the trial court denied the motion to dismiss, accepted the confession of the complaint as to grounds for divorce only, declared the parties to be divorced, and proceeded to a hearing on the issues of custody, support and property settlement.

During this hearing, the defendant testified. By this testimony she admitted the allegations of the complaint but continued to deny any allegations that she was not a fit person to have custody of the children. The plaintiff offered no evidence. At the conclusion of this hearing, the trial court awarded custody of the minor children and possession of the marital residence to the defendant. In addition, the trial court ordered the plaintiff to pay child support of $100 per week. Lastly, the trial court dismissed the counterclaim on the motion of the defendant-counterplaintiff.

On October 2, 1975, the plaintiff filed a notice of appeal from the order entered October 1, 1975. Subsequently, on January 7, 1976, the trial court entered a nunc pro tunc order which purported to add more specific provisions to the earlier order. A post-trial motion filed by the plaintiff and directed at the nunc pro tunc order was denied. The plaintiff also filed a notice of appeal from this order and the order denying his post-trial motion.

■■ The first issue raised by the plaintiff is whether the trial court had jurisdiction to grant a divorce. The plaintiff argues that if the defendant may be considered to have confessed the complaint only as to the grounds of divorce, she could not have been considered to have admitted that the trial court had jurisdiction to grant a divorce because the existence of a valid marriage, residence and marital domicile in Illinois, etc., had not been proven. We may summarily dispose of this contention by pointing out that all of the pleadings involved in this case, not merely the complaint, alleged facts sufficient to find both subject matter jurisdiction and jurisdiction over the parties.

On the other hand, the plaintiff's argument continues, if jurisdiction is to be found from the complaint then the defendant must have confessed the entire complaint and not merely the grounds for divorce. This logic is not

compelling. Jurisdiction can be found from the admissions in all of the pleadings, not just the complaint.

Several other issues are raised concerning the defendant's so-called "confession." A great deal of confusion may be avoided by recognizing that the defendant did not, in fact, confess the complaint but, instead, made in-court admissions. It is irrelevant for our purpose that the admission contradicted an earlier verified denial of an allegation in the complaint. As a matter of policy, we do not condone the recitation of untrue allegations in a pleading. However, the plaintiff's remedy is not to seek a reversal but to petition for costs and attorney's fees. Ill. Rev. Stat. 1975, ch. 110, par. 41.

■■ Moreover, when approached as admissions, rather than a confession, the question of whether the defendant can confess to part of the complaint is averted. The defendant can admit to any part of the complaint without admitting all of the allegations in the complaint. On the other hand, a confession refers to a default by reason of the defendant's failure to appear or plead. (Compare Ill. Rev. Stat. 1975, ch. 40, par. 9, with Ill. Rev. Stat. 1975, ch. 110, par. 50(4).) The defendant in this case clearly did not default so as to allow a decree pro confesso to be entered.

Since no confession is actually involved in this case, the contention that corroborative evidence must have been produced is also easily refuted. The plaintiff points out that corroborative evidence is required by a combined reading of sections 8 and 9 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 10, 11). Section 8 is intended to safeguard the rights of the parties when a default judgment may be entered. In this case, the defendant did not default. The purpose of section 9 is to give effect to a public policy which favors the preservation of marriages by voiding collusive divorces. (See also Ill. Rev. Stat. 1975, ch. 40, par. 11.) The record does not disclose any record of collusion in this case. In fact, the plaintiff sought to dismiss his complaint after the defendant admitted he had grounds for a divorce. When a husband dislikes his wife so much that he would stay married to her rather than give her a divorce he thinks she wants, the parties are clearly in adverse positions.

Once the defendant admitted fault, there was no longer an issue of fact to be tried. The plaintiff was entitled to the divorce he requested. The plaintiff cannot now argue that the decree is against the manifest weight of the evidence for no evidence was produced, and the trial court properly required no evidence because no issue of fact remained as to whether the parties should be granted a divorce.

■■ Next, the plaintiff contends that the trial court erred by failing to dismiss the complaint on the plaintiff's motion after the defendant

admitted that the plaintiff had grounds for a divorce. Generally, a plaintiff may dismiss his action before the trial or hearing begins, but if a counterclaim has been pleaded, the plaintiff may dismiss the action only if the defendant who pleaded the counterclaim consents. (Ill. Rev. Stat. 1975, ch. 110, par. 52.) The defendant in this case did plead a counterclaim. Although the plaintiff had earlier moved to dismiss the counterclaim, it was still pending at the time the plaintiff moved to dismiss his action. No hearing was had on the dismissal of the counterclaim and the plaintiff did not request a hearing at that time. Not until the end of the proceeding was the counterclaim dismissed, and then on the motion of the defendant. However, there is no indication in the record that the defendant consented to a dismissal of the counterclaim at the time the plaintiff moved to dismiss his action. Furthermore, the plaintiff's counsel, in attempting to withdraw the complaint, stated the plaintiff's intention to "stand and defend the counterclaim." Therefore, the trial court did not err by denying the plaintiff's motion to dismiss his complaint.

Lack of proper notice is the plaintiff's next contention. First he argues that he had no notice that the defendant would "confess" the complaint. If the fact that this case involves an admission, not a confession, does not dispose of this argument, which it does, this spurious point may be dismissed by observing that under no law in Illinois is any defendant required to give notice of the intent not to appear or to fail to file a responsive pleading.

■■ The plaintiff's second argument concerning the lack of proper notice has a little more merit. Since the parties were present in the courtroom for a hearing on the defendant's petition for temporary custody, temporary support, temporary alimony, temporary attorney's fees and exclusive possession of the marital residence, the plaintiff contends that he did not have notice that the cause would proceed to a final hearing on the merits. As we stated previously, once the defendant admitted the grounds for divorce alleged in the complaint, there was no issue as to whether a divorce should be granted. The divorce was required to be granted, and therefore, the issues of temporary relief were moot. However, the plaintiff can not contend that he was not prepared to present evidence relating to custody, support, alimony, attorney's fees or the marital residence because that was the purpose of the hearing for which he received notice and for which he was present in the courtroom. Although the plaintiff may not have been fully prepared to present evidence as to the permanent nature of these matters, the trial court indicated that its decision would be subject "to rehearing on any reasonable grounds at anytime." Instead of seeking a rehearing and proceeding to present evidence, the plaintiff filed this appeal. As a result of the plaintiff's failure to become prepared and to present evidence

subsequently, at the invitation of the trial court, the plaintiff has waived this issue.

■■  Because the plaintiff sought relief, he now claims that the trial court improperly granted "relief" to the defendant. We agree with the plaintiff that, in a divorce proceeding, the trial court sits as a court of equity. (See *Bremer v. Bremer* (1954), 4 Ill. 2d 190, 122 N.E.2d 794.) We also agree that the equitable maxim that he who comes into equity must come in with clean hands, and the related maxim that he who seeks equity must do equity, are to be applied in a divorce action. However, these maxims are to be applied against a person seeking relief who is guilty of conduct violative of the fundamental concepts of equity (*Mills v. Susanka* (1946), 394 Ill. 439, 68 N.E.2d 904), and they are applied in divorce cases through the doctrine of recrimination, which is not at issue in this case. (See *Mogged v. Mogged* (1973), 55 Ill. 2d 221, 302 N.E.2d 293.) Moreover, the plaintiff, not the defendant, sought equitable relief through the complaint. The counterclaim was never considered. As a result, the "clean hands" and related doctrines would be applied against the plaintiff, not the defendant.

Even if the doctrines did apply to the defendant, the "clean hands" maxim does not extend to any misconduct which is unconnected to the matter being litigated. (*Mills v. Susanka* (1946), 394 Ill. 439, 68 N.E.2d 904.) The relief to the defendant of which the plaintiff complains is not the granting of the divorce. On the contrary, because of the defendant's admission to the grounds of divorce, the plaintiff claims the defendant should not have been awarded custody, child support or certain property.

■■■  We do not believe the fact that the defendant committed an act or acts which are considered grounds for divorce controls the determination of the other issues. Where custody of minor children is at issue, the primary concern of the court is the welfare of the children. (See *Rayburn v. Rayburn* (3d Dist. 1977), 45 Ill. App. 3d 712, 360 N.E.2d 142.) The factors to be considered by the trial court in determining the amount of support payments are: The ages of the parties; their condition of health; the property and income of the father; the property and income of the mother; and the situation in life of the parties. (*Knox v. Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) Through the consideration of these factors, the available means of the parties is to be accommodated to the needs of the children. (*Knox v. Knox* (1st Dist. 1975), 31 Ill. App. 3d 816, 334 N.E.2d 891.) In this case, there was sufficient evidence for the trial court to find that the defendant should have custody of the children and that the plaintiff should pay $100 per week. These findings are warranted by: the presumption in favor of maternal custody (*Randolph v. Dean* (3d Dist. 1975), 27 Ill. App. 3d 913, 327 N.E.2d 473); the testimony

of the defendant relating her income, the plaintiff's income, the money needed to support the children and her love for the children; and the lack of contradictory testimony being introduced by the plaintiff.

■■■ Where the division of property is at issue, which party is at fault in the divorce is also not relevant. Even the prevailing party cannot obtain title to real estate of which the other party is seized unless the prevailing party pleads and proves special circumstances and equities to justify the conveyance. (*Ylonen v. Ylonen* (1954), 2 Ill. 2d 111, 117 N.E.2d 98.) The complaint in this case alleges that the marital residence, the family automobile and other items of personalty are owned by the plaintiff and the defendant as joint tenants but that the plaintiff has special equities in all of these properties. Since the dismissed counterclaim can not be considered for this purpose, it is nowhere alleged that the defendant has special equities in these properties. Proof as to special equities in either party is completely lacking. Therefore, the trial court was without authority to order a property settlement which demanded the conveyance of title. The trial court did award possession of the marital residence to the defendant. The trial court has the power to grant the right to occupation of the homestead property to the party into whose custody the minor children are given. (*Klebba v. Klebba* (5th Dist. 1969), 108 Ill. App. 2d 32, 246 N.E.2d 681.) The trial court, in the nunc pro tunc order, also did away with any interest either party may have in the property of the other by reason of marriage. "In case of a divorce, the court granting the divorce may dispose of the homestead estate according to the equities of the case." (Ill. Rev. Stat. 1975, ch. 52, par. 5.) Since the equities were not before the trial court, it was error for the trial court to attempt to extinguish the right one party might have in the property of the other as a result of the marriage. For the same reason, the trial court erred in attempting to establish exclusive property rights to property in the parties which were possessed of the property as of the date of the decree. To the extent that the nunc pro tunc order of the trial court attempted to establish rights to property, as opposed to possession, that order must be reversed.

■■ Lastly, the plaintiff challenges the validity of the nunc pro tunc order. Since the filing of a notice of appeal divests the trial court of jurisdiction to proceed (*Brehm v. Piotrowski* (1951), 409 Ill. 87, 98 N.E.2d 725), the trial court would be without authority to enter the nunc pro tunc order, unless revested with authority, after a valid notice of appeal was filed. Except in certain specific situations where the parties may file an interlocutory appeal as of right (Ill. Rev. Stat. 1975, ch. 110A, par. 307) or where the trial court grants permission for a party to take an interlocutory appeal (Ill. Rev. Stat. 1975, ch. 110A, par. 308), a party may appeal only from a final judgment of the circuit court. (Ill. Rev. Stat. 1975, ch. 110A,

pars. 301, 303.) The appellate court has jurisdiction to review only a final judgment or order in the absence of some basis for an interlocutory appeal. *Maple Investment and Development Corp. v. Skore* (2d Dist. 1976), 38 Ill. App. 3d 654, 348 N.E.2d 498; *Mexicali Club, Inc. v. Illinois Liquor Control Com.* (1st Dist. 1976) 37 Ill. App. 3d 797, 357 N.E.2d 190.

The plaintiff contends that his notice of appeal filed October 2, 1975, wrested jurisdiction from the trial court, investing it in the appellate court, so that the subsequent nunc pro tunc order must be considered as having no validity. We disagree. The order of October 1, 1975, was not a final, appealable order. To constitute a final, appealable order, the order must terminate the litigation and finally determine, fix and dispose of the parties' rights as to the issues in the suit. (*Maple Investment & Development Corp. v. Skore* (2d Dist. 1976), 38 Ill. App. 3d 654, 348 N.E.2d 498.) Although the test of finality lies in the substance and not in the form of the order (*Browning v. Heritage Insurance Co.* (2d Dist. 1974), 20 Ill. App. 3d 622, 314 N.E.2d 1), only an order which terminates the litigation on the merits so that, if affirmed, the trial court has only to proceed with execution is a final order. *Schwind v. Mattson* (1st Dist. 1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.

Although the order of October 1, 1975, states, as a finding of fact, that a divorce should be decreed, it does not so decree. That order purportedly determines child custody, support payments and possession of the marital domicile. Nevertheless, without determining the issue of divorce, that order can not be considered a final order for the purpose of appealing this case. As a result, the plaintiff's premature notice of appeal, filed October 2, 1975, could not remove jurisdiction to the appellate court. The divorce was not decreed until the nunc pro tunc order was entered. Therefore the trial court retained jurisdiction and the nunc pro tunc order, entered January 7, 1976, is a valid order.

Accordingly, the judgment of the Circuit Court of Tazewell County is reversed to the extent that it attempts to determine any right, claim, title or interest, excepting the right to possession of the marital domicile, of any of the parties' property. In all other respects the judgment is affirmed.

Affirmed in part, reversed in part.

STENGEL, P. J., and SCOTT, J., concur.