JAN A. TEMPLE, Plaintiff-Appellant, *v.* WESLEY E. TEMPLE, Defendant-Appellee.

Third District   No. 76-460

Opinion filed October 11, 1977.

Tom M. Lytton, of Lytton & Dalton, of East Moline, and Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Dan H. McNeal, of Moline, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Rock Island County which denied the petition of plaintiff, Jan Temple, requesting a modification of the custodial provision of a divorce decree.

On June 18, 1974, a decree of divorce was awarded in favor of plaintiff, Jan Temple, against the defendant, Wesley Temple. The original decree gave custody of the two minor children to Jan Temple.

The minor child Justin is presently 3 years of age and is the natural child of both the plaintiff and the defendant. The minor child Jason is presently 7 years of age and is the natural child of the plaintiff only, but was adopted by the defendant during the marriage of the parties.

In anticipation of her marriage to an executive of Deere & Company who was scheduled to be transferred to Venezuela, the plaintiff filed her petition in August 1976 seeking a modification of the custodial provision of the decree to permit her to take the children with her to Venezuela. The defendant filed a counterpetition requesting that he be awarded custody of the children. A preliminary order was entered prohibiting the plaintiff from removing either of the children from the State of Illinois during the pendency of the modification proceedings. Hearing was had on both petitions with each party presenting evidence of his or her own merits and the demerits of the other.

On October 1, 1976, the court rendered a decree modifying in some respects the custodial provision of the original decree. In its order the trial court found that both parents now are fit and proper parents. The decree permitted the plaintiff to take Jason, the older child, with her when she went to Venezuela with reasonable visitation allowed to the father during the summer. As to Justin, the younger child, the trial court held that the custody of Justin should be changed to the father during the period of time the mother resides outside of the continental United States. The trial court by its order did not transfer the custody of the 3-year-old, Justin, to the defendant-father unless the petitioner-mother moved to Venezuela. Whenever the plaintiff was to be in Venezuela with her husband, then the custody of the youngest child, Justin, was changed to his father for 6 months at a time, with visitation of 3 months allowed to the mother after each successive 6-month period. Plaintiff and defendant were to share the

transportation expenses, estimated at about $1,500 or more a trip. When defendant had custody of the children, the grandparents were to have liberal visitation privileges. Also on October 1, 1976, the court denied plaintiff's motion for the allowance of attorney fees.

The plaintiff has appealed from both orders entered on October 1, 1976, arguing the court erred in refusing to permit her to continue with custody of Justin while in Venezuela and in disallowing her petition for attorney fees.

The defendant filed his notice of cross-appeal from the order of October 1, 1976, complaining the court erred in holding the plaintiff was a fit and proper custodian for the children, in requiring the parties to share the expenses of transportation, and in permitting liberal visitation by grandparents.

The plaintiff went to Venezuela in October 1976, taking Jason with her, but leaving Justin with the defendant. When plaintiff came back from Venezuela in December 1976, defendant refused to return Jason. Each party proceeded to file contempt petitions against the other. The gist of the defendant's petition was that the order entered prior to October 1, 1976, restraining plaintiff from taking either of the children with her to Venezuela, was violated. The court denied both contempt petitions, but ordered the defendant to return Justin to his mother and the defendant has also appealed from this order.

■■ As indicated earlier, the trial court in its order of October 1, 1976, found that each parent was a fit and proper custodian for the minor children. In his cross-appeal the defendant argues this finding is erroneous because to the extent it finds the plaintiff fit, such holding is contrary to the evidence. We find no merit to this contention.

We believe no useful purpose would be served in detailing the evidence presented during four days of hearings. The defendant himself aptly sums up the evidence when he observes:

> "From the testimony of plaintiff, her relatives, friends and co-employees plaintiff is a good mother, who supervises, feeds and clothes her children properly. The defendant, on the other hand, is a beer-drinking, physically abusive, foul-mouthed father.
>
> From the defendant's witnesses who were friends of his, relatives, co-employees and friends of the plaintiff, the defendant is a devoted, conscientious, concerned and dutiful father. The plaintiff, on the other hand, is a tavern-hopping, immoral, disorganized, neglectful and foul mouthed mother who keeps an unkept home and yard and fails to adequately supervise her children."

Under such state of the evidence we find no reason for disturbing the holding of the trial court.

This brings us then to the plaintiff's contention the trial court abused its discretion in declining to permit removal of Justin from Illinois when she is in Venezuela. In support of this contention she argues children should not be separated from one another, removal from the State is in and of itself not a reason for modifying the custodial provision, and finally, the political situation in Venezuela which the court referred to is irrelevant and unsupported by any evidence.

■■ The well-being of the children is of course the principal concern of the trial court. (*Nye v. Nye*, 342 Ill. App. 11, 94 N.E.2d 909.) How the best interests of children will be served is a difficult problem and usually represents a consideration of the alternative solutions and the selection of one deemed the best, even though it may have some conflicting characteristics. Generally, it is thought that children ought not be separated if some semblance of family unit is to be maintained. (*People ex rel. Morris v. Morris*, 44 Ill. 2d 66, 254 N.E.2d 478.) However, where there are reasons why the best interests of the children will be served by making different custodial arrangements, such arrangements may be appropriate. *Rayburn v. Rayburn*, 45 Ill. App. 3d 712, 360 N.E.2d 142.

■■ Under the circumstances of this case, we believe treating the custody of Justin differently from that of Jason did not constitute an abuse of discretion. From the testimony of the psychologist and also from other evidence, it appears the relation between the defendant and Justin was significantly different from his relationship to Jason. Since the divorce, the defendant has had custody of Justin about one-third to one-half of the time. It also appears the relationship between Jason and his adopted father was satisfactory, but not close. We believe the difference in relationship supports the different disposition made by the trial court.

■■ Nor do we believe in this case, in contrast to *Dokos v. Dokos*, 88 Ill. App. 2d 330, 232 N.E.2d 508, relied on by the plaintiff, that the trial court arrived at its decision solely because the plaintiff sought to remove the place of custody of Justin from Illinois to Venezuela. From the evidence it is clear the trial court considered many other factors, including the circumstances of the parties as related to their ability to take care of Justin and especially the relations between the parties and Justin. By permitting the split periods of custody or visitation, the court attempted to maintain an appropriate relation between Justin and each of his parents, an arrangement not completely satisfactory to either parent, but one the trial court could reasonably believe was warranted. Although the decree refers to the transfer and retransfer of custody, we believe such provisions are tantamount to provisions relating to visitation according to the circumstances of the parties.

The illusion by the trial court to the unsettled state of political affairs in Venezuela is we believe unfortunate, since there is no evidence in the

record regarding this issue. Its intrusion in the case is difficult to understand, but in view of the fact that both children will be in Venezuela for extended periods of time, we attach no particular significance to the observation.

■■ The plaintiff also urges the trial court erred in denying the allowance of attorney fees to her. We find no error in this ruling of the trial court. First of all the proceeding was commenced by the plaintiff seeking the approval of a course of action which the plaintiff deemed appropriate because of the change in her own circumstances. (See *Gerson v. Mathes*, 252 Ill. App. 607.) Secondly, from the evidence the trial court could properly find there was no disparate financial ability of either party justifying the allowance of attorney fees for the plaintiff. In this connection it should be noted the plaintiff terminated her employment at about the time she filed her petition.

■■ With respect to the defendant's contentions urged on his cross-appeal that the order of October 1, 1976, was improper because it required the sharing of travel expenses and provided for visitation by the maternal grandparents, we believe it is sufficient to say that the resolution of these issues is well within the discretion of the trial court and we find no reason for disturbing these provisions. Under the circumstances the parties found themselves, such provisions amply took into account the best interest of Justin and his needs.

■■ Finally, the defendant argues the trial court erred in its order of December 16, 1976, ordering defendant to return custody of Justin to the plaintiff. We do not agree.

Even though the order of October 1, 1976, had been stayed after the plaintiff filed her notice of appeal and supersedeas bond, Justin was left with his father in November at the time the plaintiff went to Venezuela taking Jason with her. Apparently leaving Justin with his father was at his request and taking Jason with the plaintiff was with the defendant's consent. However the situation was viewed, it is clear there were no prior orders granting custody of Justin to the defendant while the plaintiff was in Illinois. For the foregoing reasons the decree of the circuit court of Rock Island County is affirmed.

Decree affirmed.

ALLOY, P. J., and BARRY, J., concur.